## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

ANDRE RATCLIFF,

    Plaintiff,

v.

                                  CASE NO:
                                  HONORABLE:

CITY OF DETROIT, SHAUN DUNNING,
MARQUISE LAKE, and ANTHONY LEWIS,
in their individual and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE
TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **ANDRE RATCLIFF**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendantss states as follows:

1. Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant City of Detroit is a municipal corporation and governmental

1

subdivision which is organized and existing under the laws of the State of Michigan.

3.     Defendants Shaun Dunning, Marquise Lake, and Anthony Lewis are and/or were police officers working for and/or assigned to the City of Detroit Police Department; and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

4.     All events giving rise to this lawsuit occurred in the City of Detroit, County of Wayne, State of Michigan.

5.     This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution; and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.  Plaintiff also has viable state law claims.

6.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7.     This Court has pendent jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District under 28 U.S.C. Sections 1391(b) and 1393(a); as one or more of the Defendants reside in and/or are incorporated in this District, and the claims asserted herein arose in this District.

9. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

10. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as through fully set forth herein.

11. On August 9, 2018, Plaintiff was standing behind his vehicle, which was parked outside of his workplace, the Superland Market, which is located in the City of Detroit.

12. Plaintiff was legally and openly carrying a handgun that was registered to him and which was located on Plaintiff's right hip in an outside hip holster.

13. Plaintiff was committing no criminal offense at all when a police car driven by Defendant Dunning and also containing Defendants Lewis and Lake quickly drove up and came to a stop next to him.

14. Defendant Lewis and Defendant Lake then swiftly exited the passenger side of the police car and approached Plaintiff.

15. Defendant Lake took possession of Plaintiff's handgun, while Defendant Lewis unlawfully detained and arrested Plaintiff.

16. Plaintiff was then transported to the Detroit Detention Center, where he was lodged until he was released on bond on August 13, 2018.

17. On the recommendation of Defendant Dunning, on August 11, 2018, Plaintiff was unlawfully charged with one count of carrying a concealed weapon pursuant to MCL 750.227.

18. On December 5, 2018, a jury acquitted Plaintiff of the above-mentioned charge.

19. As a result of Defendants' unlawful actions and/or inactions, Plaintiff suffered injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983—ILLEGAL SEARCH AND SEIZURE
## AS TO ALL INDIVIDUALLY-NAMED DEFENDANTS

20. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

21. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

22. At all material times, the individually-named Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights in that they falsely arrested and falsely detained Plaintiff without

4

probable cause; exigent circumstances, or other lawful purpose.

23. The individually-named Defendants acted unreasonably and failed in their duties when they falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances.

24. The individually-named Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

25. The individually-named Defendants' unlawful and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his constitutional rights.

26. Due to the individually-named Defendants' actions and/or inactions, Plaintiff's Fourth Amendment rights were violated; and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests that this Honorable Court award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## FALSE ARREST/FALSE IMPRISONMENT UNDER STATE LAW
## AS TO ALL INDIVIDUALLY-NAMED DEFENDANTS

27.   Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

28.   The individually-named Defendants caused the arrest and/or imprisonment of Plaintiff without any legal justification and/or probable cause by fabricating evidence against Plaintiff and/or by refusing to consider exculpatory evidence.

29.   The individually-named Defendants caused Plaintiff to be held against his will and/or imprisoned without any legal justification and/or probable cause.

30.   The individually-named Defendants restricted Plaintiff's liberties against his will.

31.   The individually-named Defendants' actions were without legal justification and/or probable cause.

32.   As a result of the individually-named Defendants' actions, Plaintiff suffered injuries and damages.

33.   The individually-named Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

WHEREFORE, Plaintiff requests that this Honorable Court enter an award

in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT III
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 - MALICIOUS PROSECUTION
## AS TO ALL INDIVIDUALLY-NAMED DEFENDANTS

34. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

35. Plaintiff was unlawfully arrested and incarcerated for a crime that the individually-named Defendants lacked any probable cause or other lawful reason to believe that Plaintiff committed.

36. As stated above, the individually-named Defendants lacked actual knowledge or probable cause to believe that the criminal charges would succeed and acted unreasonably when they initiated a malicious prosecution against Plaintiff for which he was fully acquitted on December 5, 2018, after a jury trial.

37. The individually-named Defendants failed to properly and thoroughly conduct an investigation; they manufactured probable cause; they lied; and/or they unlawfully arrested Plaintiff for crimes that the individually-named Defendants lacked any probable cause to believe that Plaintiff did commit.

38. The individually-named Defendants were the initiators of Plaintiff's wrongful prosecution because they omitted material facts and exculpatory evidence and

7

presented their unfounded and falsely manufactured facts from their investigation to the prosecutor.

39.     The individually-named Defendants knew they falsely and recklessly built a case against Plaintiff, and this exemplified their callous indifference to Plaintiff's life and liberty.

40.     The individually-named Defendants' acts were the direct and proximate cause of Plaintiff's malicious prosecution, which is in violation of plaintiff's Fourth Amendment rights.

41.     Pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

        **WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT IV
## MALICIOUS PROSECUTION UNDER STATE LAW
## AS TO ALL INDIVIDUALLY-NAMED DEFENDANTS

42.     Plaintiff realleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

8

43. The individually-named Defendants arrested and caused/instituted criminal proceedings to be brought against Plaintiff in this matter.

44. The individually-named Defendants had no probable cause to believe that the proceedings against Plaintiff could succeed.

45. The individually-named Defendants instituted and caused charges and proceedings to be brought against Plaintiff by submitting false evidence.

46. Plaintiff was acquitted of all charges on or about December 5, 2018.

47. As a result of the individually-named Defendants maliciously bringing charges against Plaintiff, he sustained injuries and damages.

48. In addition, pursuant to MCL 600.2907, civil liability shall attach to Defendants who for vexation and trouble maliciously caused and/or procured Plaintiff to be arrested and then proceeded on charges against Plaintiff in which they had no probable cause to arrest or no probable cause to proceed with the charges.

49. The individually-named Defendants' actions and/or inactions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe; so that he is entitled to treble damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and

attorney fees.

## COUNT V
## CITY OF DETROIT CONSTITUTIONAL VIOLATIONS

50. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

51. Defendant City of Detroit acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

52. That these customs and/or policies and/or practices included, but were not limited to, the following:

   a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

   b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

   c. Failing to adequately train and/or supervise its officers regarding lawful arrests;

   d. Failing to supervise, review, and/or discipline police officers whom Defendant City of Detroit knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

e.     Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating a lawful arrest.

53.   Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

54.   Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

55.   The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: November 22, 2019
SCC/map

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

ANDRE RATCLIFF,

      Plaintiff,

v.                                                              CASE NO:
                                                                HONORABLE:

CITY OF DETROIT, SHAUN DUNNING,
MARQUISE LAKE, ANTHONY LEWIS
in their individual and official capacities,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>SHAWN C. CABOT (P64021)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>shawn.cabot@cjtrainor.com | |

**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **ANDRE RATCLIFF**, by and through his attorneys,

CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a demand for trial

by jury in the above-captioned cause.

> Respectfully Submitted,
> CHRISTOPHER TRAINOR & ASSOCIATES
>
> **s/ Shawn C. Cabot**_____
> CHRISTOPHER J. TRAINOR (P42449)
> SHAWN C. CABOT (P64021)
> Attorneys for Plaintiff
> 9750 Highland Road
> White Lake, MI  48386
> (248) 886-8650
> shawn.cabot@cjtrainor.com

Dated:  November 22, 2019
SCC/map