UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE RATCLIFF,

                              Case No. 2:19-cv-13458

       Plaintiff,

                              HONORABLE STEPHEN J. MURPHY, III

v.

CITY OF DETROIT, et al.,

       Defendants.
_____/

**OPINION AND ORDER**
**<u>DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [44]</u>**

The Court granted in part and denied in part Defendants' motion for summary judgment. ECF 43. The Court denied summary judgment on the Fourth Amendment illegal search and seizure claim and the Michigan state law false arrest and imprisonment claim. *Id.* at 839. The Court also denied summary judgment on the *Monell* claim to the extent the claim was based on the alleged Fourth Amendment violation. *Id.* at 838. But the Court granted summary judgment on the federal and state malicious prosecution claims. *Id.* at 839. The Court also granted summary judgment on the *Monell* claim to the extent the claim was based on an alleged constitutional violation related to the malicious prosecution claim. *Id.* at 838.

Under Local Rule 7.1(h), Defendants moved for reconsideration of the Court's partial denial of summary judgment. ECF 44, PgID 844. Defendants argued that the Court committed a palpable error when the Court stated that "[t]he probable cause showing for Fourth Amendment malicious prosecution claims differs from the

1

probable cause showing for false arrest or imprisonment claims." *Id.* at 844–85 (quoting ECF 43, PgID 835 n. 2). Defendants argued that the Court should have found that the state court probable cause determination at the preliminary examination precluded any possibility that Defendants lacked probable cause for the arrest of Plaintiff. *Id.* at 846. For the following reasons, the Court will deny the motion.[1]

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the Court . . . [has] been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A palpable defect is one that is "obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (Lawson, J.) (citations omitted).

The Court granted summary judgment for Defendants on the malicious prosecution claims because the state court, after a preliminary examination, determined that there was probable cause to bind Plaintiff over for trial. ECF 43, PgID 836. The Court stated that "[t]he Sixth Circuit has previously found that . . . a judicial determination of probable cause, like when a state court judge binds an arrestee over for trial, precludes 'relitigating the matter on a theory of malicious prosecution in [a] § 1983 suit.'" *Id.* at 835 (quoting *Peet v. City of Detroit*, 502 F.3d 557, 566 (6th Cir. 2007)). As a result, the state court's probable cause finding precluded a later finding of a malicious prosecution unless the state court's

---

[1] The Court need not hold a hearing on the motion. E.D. Mich. L.R. 7.1(h)(2).

determination was based solely upon false statements by a police officer, which the Court did not find to be the case here. *Id.* at 836.

But the Court found that there was a genuine issue of material fact about whether Plaintiff's arrest was based on probable cause. *Id.* at 833–35. The Court therefore denied summary judgment on the Fourth Amendment illegal search and seizure claim and the Michigan state law false arrest and false imprisonment claim. *Id.*

When confronted with a federal civil action subsequent to a state criminal proceeding, "[t]he threshold question is whether, under the rules of collateral estoppel applied by the [state] court[]," the state court determination "would foreclose [the plaintiff] in a later civil action from challenging the" alleged unconstitutional conduct. *Haring v. Prosise*, 462 U.S. 306, 314 (1983). Under Michigan law, collateral estoppel applies when four criteria are met: first, "there is identity of parties across the proceedings"; second, "there was a valid, final judgment in the first proceeding"; third, "the same issue was actually litigated and necessarily determined in the first proceeding"; and fourth, "the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding." *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001) (citing *People v. Gates*, 434 Mich. 146, 154–57 (1990)).

The fourth criterion is of particular relevance here. When a Michigan state court analyzes whether the party against whom collateral estoppel is asserted had a full and fair chance to litigate the issue, the "court must take into consideration the

3

choice of forum and incentive to litigate" because "no one set of facts, no one collection of words or phrases, will provide an automatic formula for proper rulings." *People v. Trakhtenberg*, 493 Mich. 38, 50 (2012) (quotation marks omitted) (quoting *Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 333–34 (1971)). The decision on whether there was a full and fair chance to litigate ultimately comes down to the "court['s] sense of justice and equity." *Id.* (quoting *Blonder-Tongue Lab., Inc.*, 402 U.S. at 334). But the "nature of the forum in which the initial determination was rendered" helps determine whether courts apply the doctrine of collateral estoppel. *Id.* (quotation marks omitted) (quoting *Storey v. Meijer, Inc.*, 431 Mich. 368, 373 (1988)). Accordingly, Defendants' motion must fail for two reasons.

First, the probable cause for Plaintiff's arrest was distinct from the probable cause that was required to bind him over for trial in state court. As the Court discussed in the order, "[a] plaintiff claiming false arrest must prove there was no probable cause to arrest the plaintiff" whereas "[a] plaintiff raising a claim of malicious prosecution under federal law must demonstrate a lack of probable cause for the prosecution." ECF 43, PgID 835 n.2 (quoting *Szappan v. Meder*, No. 18-12244, 2020 WL 209746, at *6 (E.D. Mich. Jan. 14, 2020) (Ludington, J.)). Michigan state courts have concluded that "[p]robable cause to effectuate an arrest is gauged differently" and that "probable cause to support an arrest" is not "equivalent to probable cause to bind a defendant over for trial." *People v. Cohen*, 294 Mich. App. 70, 74–75 (2011) (per curiam). The state court preliminary examination established probable cause to bind Plaintiff over for trial and commence a prosecution against

4

him. *See generally* ECF 44-1. The preliminary examination was forward looking and for the purpose of "weeding out groundless or unsupported charges and relieving the accused of the degradation and expense of a criminal trial and deprivation of his liberty." *People v. George*, 114 Mich. App. 204, 208 (1982) (citation and alterations omitted). The state court did not determine whether Plaintiff's initial arrest was lawful. *See generally* ECF 44-1. That sort of a determination would have been backward looking. The difference in probable cause to arrest and probable cause to bind a defendant over for trial established in *Cohen* means Defendants cannot establish the third criterion of collateral estoppel. 294 Mich. App. At 74–75. The issue litigated here and the issue litigated in the state case are not the "same," and collateral estoppel cannot therefore apply. *See Darrah*, 255 F.3d at 311 (citing *Gates*, 434 Mich. at 154–57).

Second, Plaintiff did not have a full and fair opportunity to litigate the issue of probable cause for his arrest. The preliminary examination, during which the state court found probable cause to bind Plaintiff over for trial, was a pretrial proceeding. *See generally* ECF 44-1. Defendants submitted a transcript of the proceeding and no other information about what evidence was available to the state court for evaluation in making the probable cause determination. *Id.* The transcript does not mention the video of Plaintiff's arrest that formed the basis for the Court's original order. *See generally id.* And although a witness to Plaintiff's arrest was mentioned, the witness never appears to have testified on Plaintiff's behalf. *Id.* at 867–68. But deposition testimony from that witness undermines Defendant Lake's testimony from the

5

preliminary examination. *Compare* ECF 36-3, PgID 413, *with* ECF 44-1. Plaintiff's counsel's choice to not present the video or the testimony of the witness shows that Plaintiff's counsel either employed a strategy of preserving the evidence until trial or did not yet have access to the evidence. Plaintiff's "incentive to litigate" the probable cause determination at the preliminary examination was therefore significantly impacted by counsel's strategy of when to first deploy various evidence. *See Trakhtenberg*, 493 Mich. at 50. Because Plaintiff's incentive to litigate the probable cause determination at the preliminary examination was less than full, collateral estoppel cannot apply under Michigan law. *Id.*

The Sixth Circuit has previously applied collateral estoppel principles to hold that a Michigan state court preliminary examination had preclusive effect on a federal claim for wrongful arrest. *Autrey v. Stair*, 512 F. App'x 572 (6th Cir. 2013).[2] But the Sixth Circuit noted that if a plaintiff can show that "the omission of material exculpatory evidence could have colored a state-court judge's probable-cause determination, there is no requirement that the initial finding be given preclusive

---

[2] In *Autrey*, the Sixth Circuit did not distinguish between the probable cause for the plaintiff's illegal arrest claim and the probable cause for the plaintiff's malicious prosecution claim. 512 F. App'x at 577. But Michigan case law does not equate the probable cause to support an arrest with the probable cause to bind a defendant over for trial, which is conclusive on the issue. *See Cohen*, 294 Mich. App. at 74–75. Regardless, in *Autrey* authorities conducted a thorough investigation before charging, and presumably arresting, the plaintiff. 512 F. App'x at 575–76. The probable cause for the arrest thus more closely mirrored the probable cause for the prosecution. Here, the arrest of Plaintiff was immediate, ECF 43, PgID 828–29, which created a gap between the arrest of Plaintiff and the probable cause determination for prosecution. In fact, after Plaintiff's arrest, police took Plaintiff to a detention center for interrogation. *Id.* at 829. There, Plaintiff made a statement to police that was relevant as to whether there was probable cause to proceed with the prosecution. *Id.*

6

effect in the federal-court action." *Id.* at 579. Defendants did not provide the Court with evidence that the state court considered the video or the exculpatory witness's testimony during the preliminary examination. And the evidence was plainly material and exculpatory. Given the material and exculpatory character of the evidence, presenting the evidence at the preliminary examination could have colored the outcome. Plaintiff's claim therefore falls into the exception that the Sixth Circuit discussed in *Autrey*. *Id.*

Simply put, the state court probable cause determination does not have preclusive effect, and the evidence before the Court on whether Defendants had probable cause to arrest Plaintiff is for the jury to weigh. The Court will therefore deny Defendants' motion for reconsideration.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion for reconsideration [44] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 29, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 29, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

7